**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RTC INDUSTRIES, INC.,**     ) <br>     **an Illinois corporation,**     ) <br>     ) <br>     **Plaintiff,**     ) <br>     ) <br>         **v.**     ) <br>     ) <br> **Digiboo LLC,**     ) <br>     **a Delaware corporation,**     ) <br>     ) <br>     **Defendant.**     ) <br>     ) <br>     ) | **Civil Action No.  14-cv-8688** <br><br> **Judge _____** <br><br> **Magistrate Judge _____** <br><br> **JURY DEMAND** |

## COMPLAINT

The Plaintiff, RTC Industries, Inc., (hereinafter "RTC"), for its Complaint against the Defendant, Digiboo LLC ("Defendant"), alleges as follows:

### THE PARTIES

1.  Plaintiff RTC is an Illinois corporation having its principal place of business at 2800 Golf Road, Rolling Meadows, Illinois 60008.  RTC, *inter alia,* makes and sells consumer retail systems.  Since its founding in 1951, RTC has consistently advanced the leading edge of retail technology by providing new and innovative solutions to the retail marketplace.

2.  On information and belief, Defendant Digiboo LLC is a Delaware corporation with a principal place of business at 2898 Colorado Avenue, Santa Monica, California 90404. Defendant makes, uses and sells wireless interactive consumer video systems, including digital retail kiosks called Digiboo Movies on the Move.  These interactive kiosks allow customers to select movies or TV shows from a touch screen display and download the movies or shows

wirelessly to a tablet, smart phone or personal computer. Defendant does business on a regular basis in Illinois and in this District, including making, using, selling and/or offering for sale its wireless interactive consumer video systems in Illinois and this District which infringe RTC's rights under the patent asserted herein.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over Defendants is proper in this Court.

4.     Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 5,608,449

5.     On March 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,608,449 ("the '449 patent") entitled "Wireless Interactive Consumer Video System." RTC is the owner of the '449 patent, by virtue of assignment of all rights, title and interest to the '449 patent. A true and correct copy of the '449 patent is attached to this Complaint as Exhibit A.

6.     Defendant has been and still is infringing and/or inducing infringement of the '449 patent by making, using, offering to sell, selling, and/or importing wireless interactive consumer video systems, including, but not limited to its Digiboo Movies on the Move kiosks, and/or engaging in activities related to wireless interactive consumer video systems that are covered by one or more claims of the '449 patent, and/or inducing others to make, use, offer to sell and/or sell such systems and/or engage in such activities.

7.     Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights.

8.     On information and belief, Defendant's acts of infringement have been willful and with knowledge of the '449 patent and Defendant has continued its infringement in willful disregard of the '449 patent and the rights created thereunder.

9.     RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '449 patent.

**JURY DEMAND**

10.     RTC demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, RTC, respectfully prays that:

A.     Pursuant to 35 U.S.C. §271, this Court enter judgment that Defendant has been and is currently infringing the '449 patent;

B.     Defendant be directed to provide an accounting to determine the damages suffered by RTC as a result of Defendant's infringing conduct, such damages including, but not limited to, RTC's lost profits on sales or offers for sale of the infringing products, and in no event less than a reasonable royalty;

C.     Defendant be directed to pay RTC the amount of damages that RTC has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284 as a result of any willful infringement of RTC's '449 patent;

D.     This be declared an exceptional case under 35 U.S.C. §285, and RTC be awarded its attorneys' fees;

E.      Defendant be directed to pay RTC an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

F.      RTC be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

Dated: October 31,  2014          By:    /s/  Joseph J. Berghammer
                                        Joseph J. Berghammer
                                            *jberghammer@bannerwitcoff.com*
                                        Scott A. Burow
                                            *sburow@bannerwitcoff.com*
                                        Victoria R. M. Webb
                                            *vwebb@bannerwitcoff.com*
                                        BANNER & WITCOFF, LTD.
                                        10 South Wacker Drive, Suite 3000
                                        Chicago, Illinois 60606
                                        Tel.:    (312) 463-5000
                                        Fax:    (312) 463-5001

                                        ***Attorneys for Plaintiff***
                                        ***RTC Industries, Inc.***